## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL KENT, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **VIOLATIONS OF THE** |
| SYNEOS HEALTH, INC., JOHN M. DINEEN, | ) | **FEDERAL SECURITIES LAWS** |
| BARBARA W. BODEM, BERNADETTE | ) | |
| CONNAUGHTON, MICHELLE KEEFE, | ) | JURY TRIAL DEMANDED |
| WILLIAM E. KLITGAARD, KENNETH F. | ) | |
| MEYERS, MATTHEW E. MONAGHAN, | ) | |
| DAVID S. WILKES, and ALFONSO G. | ) | |
| ZULUETA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Michael Kent ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

### NATURE OF THE ACTION

1.   Plaintiff brings this action against Syneos Health ("Syneos Health" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by a consortium of private investment

firm affiliates composed of Elliott Investment Management L.P. ("Elliott"), Patient Square Capital, LP ("Patient Square"), and Veritas Capital Fund Management, L.L.C. ("Veritas").[1]

2. On May 4, 2023, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with Star Parent, Inc. ("Parent") and Star Merger Sub, Inc. ("Merger Sub").[2] The Merger Agreement provides that Company stockholders will receive $43.00 in cash for each share of Syneos Health common stock owned.

3. The Company's corporate directors subsequently authorized the June 27, 2023, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction." Elliott, Patient Square, and Veritas will be collectively referred to herein as the "Buyer Consortium."

[2] Parent and Merger Sub are affiliates of the Buyer Consortium.

[3] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for August 2, 2023.

material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Syneos Health common stock.

10. Defendant Syneos Health is a Delaware corporation with its principal executive offices located at 1030 Sync Street, Morrisville, North Carolina 27560. Syneos Health's shares trade on the Nasdaq Global Select Market under the ticker symbol "SYNH." Syneos Health is an integrated biopharmaceutical solutions company. The Company operates through two segments: Clinical Solutions and Commercial Solutions. The Clinical Solutions segment offers services for the development of diagnostics, drugs, biologics, devices, and digital therapeutics

in Phase I to IV of clinical development. The Commercial Solutions segment provides commercialization services, including deployment solutions, communications solutions, and consulting services. The Company's customers include companies in the biopharmaceutical, biotechnology, and medical device industries.

11. Defendant John M. Dineen is and has been Chair of the Board and a director of the Company at all times relevant hereto.

12. Defendant Barbara W. Bodem is and has been a director of the Company at all times relevant hereto.

13. Defendant Bernadette Connaughton is and has been a director of the Company at all times relevant hereto.

14. Defendant Michelle Keefe is and has been Chief Executive Officer and a director of the Company at all times relevant hereto.

15. Defendant William E. Klitgaard is and has been a director of the Company at all times relevant hereto.

16. Defendant Kenneth F. Meyers is and has been a director of the Company at all times relevant hereto.

17. Defendant Matthew E. Monaghan is and has been a director of the Company at all times relevant hereto.

18. Defendant David S. Wilkes is and has been a director of the Company at all times relevant hereto.

19. Defendant Alfonso G. Zulueta is and has been a director of the Company at all times relevant hereto.

20. Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

21. On May 10, 2023, the Company announced in relevant part:

MORRISVILLE, N.C., May 10, 2023 (GLOBE NEWSWIRE) -- Syneos Health, Inc. (Nasdaq: SYNH) ("Syneos Health" or the "Company"), a leading fully integrated biopharmaceutical solutions organization, today announced that it has entered into a definitive agreement to be acquired by a consortium of private investment firm affiliates composed of Elliott Investment Management ("Elliott"), Patient Square Capital ("Patient Square"), and Veritas Capital ("Veritas") for $43.00 per share in cash in a transaction valued at approximately $7.1 billion, including outstanding debt.

The purchase price represents a 24% premium to Syneos Health's unaffected closing stock price on February 13, 2023, the last trading day prior to media speculation regarding the Company.

"This agreement is the culmination of a comprehensive review of opportunities available to Syneos Health, including interest from multiple parties with the assistance of independent financial and legal advisors. The Syneos Health Board of Directors unanimously determined that this all-cash transaction maximizes value for our shareholders and is in the best interests of the Company and all stakeholders," said John Dineen, Chair of the Syneos Health Board of Directors. "The Company has a strong operating foundation, differentiated, integrated solutions and a focus on being committed to customers. We believe this transaction will enable Syneos Health to continue to accelerate its growth strategy, enhance customer delivery and evolve the organization toward a tech-enabled future."

"We have long appreciated Syneos Health's leadership position in serving large pharma and biotech customers globally, across both clinical development and commercialization," said Senior Portfolio Manager, Marc Steinberg, on behalf of Elliott. "Syneos Health is at an important stage in its evolution. We look forward to partnering with Patient Square and Veritas, as well as the talented team at Syneos Health, to further reinforce the Company's core capabilities and help drive its next phase of growth."

"Based on first-hand experience in the industry, we are huge believers in the value that contract research and commercial organizations provide to their

clients by accelerating and maximizing the likelihood of clinical success and optimizing a product's potential to impact patients," said Jim Momtazee, Managing Partner of Patient Square. "We have followed the journey of Syneos Health for years and believe the Company and its world-class employees provide a strong foundation to build upon, always providing unparalleled service to clients."

"Syneos Health provides mission-critical clinical research and commercialization services to leaders in the biopharmaceutical space," said Ramzi Musallam, CEO and Managing Partner of Veritas. "Consistent with our successful history of transforming businesses in the healthcare ecosystem, and in partnership with the Syneos Health team and the consortium, Veritas looks forward to driving investment in the Company to underscore Syneos Health's position as a market leader and to enhance its ability to deliver medical innovations to patients across the globe."

**Approvals and Timing**

Completion of the transaction is expected in the second half of 2023, subject to the approval of Syneos Health shareholders and the satisfaction of other customary closing conditions, including regulatory approvals.

The Syneos Health Board of Directors unanimously approved the merger agreement and intends to recommend that Syneos Health shareholders vote in favor of it at a Special Meeting of Stockholders, to be scheduled as soon as practicable.

The transaction is not subject to a financing condition. Centerview Sachs Bank USA, UBS Investment Bank, RBC Capital Markets, BMO Capital Markets, HSBC Securities (USA) Inc., Wells Fargo Bank, NA, BofAgroup, Jefferies LLC, Macquarie Capital, Natixis, and Truist Securities have provided committed financing for the transaction.

Upon completion of the transaction, Syneos Health will become a private company and shares of Syneos Health Class A common stock will no longer trade on the Nasdaq. The Company expects to maintain its headquarters in Morrisville, North Carolina.

*  *  *

**Advisors**

Centerview Partners and BofA Securities are serving as financial advisors to Syneos Health, Ernst & Young LLP provided additional strategic advice, and Latham & Watkins LLP is serving as legal counsel.

Gibson Dunn & Crutcher LLP is serving as legal counsel to Elliott; Kirkland & Ellis LLP is serving as legal counsel to Patient Square; and Millbank LLP and Covington & Burling LLP are serving as legal counsel to Veritas.

**The Materially Incomplete and Misleading Proxy Statement**

22. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on June 27, 2023  The Proxy Statement, which recommends that Syneos Health stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) Syneos Health's financial forecasts; (b) the financial analyses that support the fairness opinions provided by the Company's financial advisors, BofA Securities, Inc. ("BofA") and Centerview Partners LLC ("Centerview"); and (c) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Financial Forecasts for the Company*

23. The Proxy Statement fails to disclose material information concerning the financial forecasts for the Company, including the line items underlying Adjusted EBITDA; and Unlevered Free Cash Flow with respect to the "Company Forecasts."

*Material Misrepresentations and/or Omissions Concerning BofA's and Centerview's Financial Analyses*

24. The Proxy Statement fails to disclose material information concerning BofA's financial analyses.

25. With respect to the *Discounted Cash Flow Analysis* performed by BofA, the Proxy Statement fails to disclose: (a) the Company's terminal values; (b) the Company's net debt as of March 31, 2023; and (c) its fully diluted outstanding shares.

26. With respect to the *Selected Publicly Traded Companies Analysis* performed by BofA, the Proxy Statement fails to disclose the respective financial metrics of the companies observed.

27. With respect to the *Selected Precedent Transactions Analysis* performed by BofA, the Proxy Statement fails to disclose the respective financial metrics of the transactions observed.

28. With respect to the *Wall Street Analysts' Price Targets* analysis performed by BofA, the Proxy Statement fails to disclose the individual price targets observed and their respective sources.

29. The Proxy Statement also fails to disclose material information concerning Centerview's financial analyses.

30. With respect to the *Illustrative Discounted Cash Flow Analysis* performed by Centerview, the Proxy Statement fails to disclose: (a) the Company's terminal values; (b) the Company's net debt as of March 31, 2023; and (c) its fully diluted outstanding shares.

31. With respect to the *Selected Publicly Traded Companies Analysis* performed by Centerview, the Proxy Statement fails to disclose the respective financial metrics of the companies observed.

32. With respect to the *Selected Precedent Transactions Analysis* performed by Centerview, the Proxy Statement fails to disclose the respective financial metrics of the transactions observed.

33. With respect to *Analyst Price Targets* analysis performed by Centerview, the Proxy Statement fails to disclose the individual price targets observed and their respective sources.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

34. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including whether any of the Buyer Consortium's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

35. The Proxy Statement similarly fails to disclose the details of any discussions or negotiations concerning management participation in the combined company.

36. The omission of the above-referenced information renders statements in the "Certain Financial Forecasts," "Fairness Opinion of BofA Securities, Inc.," "Fairness Opinion of Centerview Partners LLC," "Background of the Merger," and "Interests of the Directors and Executive Officers of the Company in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

37. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Syneos Health**

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Syneos Health is liable as the issuer of these statements.

40. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

41. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

42. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

43. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

44. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

45. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

46. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47. The Individual Defendants acted as controlling persons of Syneos Health within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Syneos Health and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

49. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

50. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

51. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  July 10, 2023  **LONG LAW, LLC**

By:  */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*